RECEIVED
2026 OCT -8 P 4:00
U.S. DISTRI
MIDDLE DIS

**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION**

2:26-cv-00789-RAH-CWB

**GREGORY KELLY, AND**
**ANNETTE B. KELLY**
**Plaintiffs;**

6213 Willow Glen
Montgomery, AL 36117

**v.**

**ALFA MUTUAL INSURANCE et, al.**
**Defendant**;

2108 E South Blvd
Montgomery, AL 36116

**TERRY Mc KELVEY**

2108 E South Blvd
Montgomery, AL 36116

**Defendants**

**The Plaintiffs. Gregory and Annette B Kelly bring this civil lawsuit against the Alfa Defendants for** : bad faith acts and for reneging on home insurance and home warranty insurance policies to replace the Plaintiffs 'home roof, rafting foundations structure and home walls and windows and electronic devices damaged by a major rainstorms due the Defendant's PSP ( Preferred Service Providers ) contractors gross negligent and reckless acts which has caused irreparably harm and injuries to the Plaintiffs . Accordingly, the Plaintiffs file this action and state the following:**( Sec Ex 1 -7)**

## ORIGINAL COMPLIANT AND DEMAND FOR JURY TRAIL

## I. JURISDICTION AND VENUE

**1.** The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(3), and (4), 2201 and 2202, 42 U.S.C. 2000d-2 and 2000e5(f), and 29 U.S.C. § 621, et seq.

**2.** This is a suit authorized pursuant to the Act of U.S Congress, .42 U.S.C. § 1981, and 42 U.S.C. § 1983 and 42 U.S.C. § 1985 and 42 U.S.C. § 1986, and the FHA Act, 42 U.S.C. § 3601 et seq, FDCAP and UDAAP Status.

**3.** Venue is proper in the Middle District of Alabama, Northern Division under 28 U.S.C. § 1391(B) & (c) because the Defendants and the Defendants co-conspirators are located here and the acts occurred in the Middle District of Alabama, Northern Division.

## II. THE PARTIES

1. **Plaintiff Gregory Kelly**, is a Black male, over the age of sixty (60) years, and at all times relevant hereto was a resident of Montgomery, Montgomery County, Alabama, which is encompassed in the U.S District Court for the Middle District of Alabama, Northen Division,
2. **Plaintiff Annette B. Kelly**, is a Black female, over the age of sixty (60) years, and at all times relevant hereto was a resident of Montgomery, Montgomery County, Alabama, which is encompassed in the area of the U.S District Court for the Middle District of Alabama, Northen Division,
3. **Defendant Alfa insurance** incorporated under the laws of the State of Alabama laws and corporate headquarters is in Montgomery, AL and the Defendant **"DO NOT" offer "Section 8 insurance" policy.**
4. **Defendant Terry McKelvey** is a veteran Large Loss Adjuster for Defendant Alfa Insurance. He has worked with the company for over 30 years and is primarily recognized for his field work responding to catastrophic property claims and natural disaster.

## III. FACTUAL ALLEGATIONS

5. **On May 25, 2025,** the Plaintiffs were retaliated against for accusing the **Alfa Defendants and MORE THAN 458 STATE, AGENCIES of** using discrimnartoy computer algorithms such as Guidewire AI powered Software to discriminate against landlord and renters who participate in the US -HUD's Housing Choice Voucher program ..

6. The Plaintiffs say the Alfa Defendants have collude with state actors in denying, canceling, or refusing to renew insurance policies for property owners simply because they rent to Section 8 Housing Choice Voucher holders can lead to major federal and state lawsuits.

7. The Plaintiffs also say major insurance providers have faced costly litigation and six-figure settlements after being accused of unlawful discrimination for enforcing "No Section 8" underwriting restrictions

8. The Plaintiffs were gassed by **Alfa Defendants PSP Contractors , A/C by Luquire,** for accusing A/C by Luquire colluding in HVAC/R equipment price fixing schemes and price fixing co-conspirators include:

    i. Carrier Global Corp.
    ii. Trane Technologies (and Mitsubishi Electric Trane HVAC US)
    iii. Rheem Manufacturing Co.
    iv. Lennox International Inc.
    v. Daikin Comfort Technologies
    vi. Robert Bosch LLC
    vii. AAON Inc.

9. The Plaintiffs have also accused **Alfa Defendants PSP Contractors , A/C by Luquire**. of hiring prison inmate labors and committing COVID PPP Loan frauds and delivering and introducing worthless or deceptive warranty contracts and A/C units and non- OEM parts by their Carrier Global Corp A/C dealers into interstate commerce.

10. The Plaintiffs say the gist of this suit is the **Alfa Defendants** negligently and recklessly and dangerous hired and contracted with PSP home service repairmen and contactors with long prison rap sheets who attempted to Murder the Plaintiffs after installing a Carrier A/C defective and flawed 4-ton HVAC/R Heat Pump unit.

11. **When filing a lawsuit in the wrong court venue and jurisdiction** , the Alfa Defendants unreasonably denies, delays, or underpays a valid claim associated with these a VoC, CO and NOx chemical and gassing poisoning attacks from alleged seditious and radicalized white supremacist members in the ranks of **Alfa Defendants PSPs program**

12. Plaintiff Annette Kelly is still suffering from severe memory lost and illnesses, and kidney stones health problem due to premeditated an VoC, CO and NOx chemical poisoning assaults and attacks from alleged seditious and **racialized and pronged to violence white supremacist members in the ranks of** the **Alfa Defendants PSPs program**

## A. The Plaintiffs Irreparably harmed by Defendants Gross Negligent Hirng and Negligent AI Polices and Guidewire Software Glitches

13. Due to no AI insurance rules and regulations in Alabama , the Plaintiffs have alleged that **negligent AI policies** and core insurance infrastructure software like **Guidewire Software** represents an emerging, high-stakes crisis.

14. When committing bad faith acts, the Plaintiffs say Alfa Defendants used rogue autonomous AI agents to harm and injure the Plaintiffs.

15. The Plaintiffs have alleged that every insurance contract contains an **implied covenant of good faith and fair dealing**, meaning both the company and the customer must act honestly and fairly including reporting and disclosing information to about having seditious and radicalized white supremacist members in the ranks of Alfa Defendants PSPs program

16. The Plaintiffs have accused the Alfa Defendants of gross negligence acts and conduct after the Plaintiffs were gassed in their home by a racist white HVAC/R field technician hired in the Alfa Defendants PSPs program

17. Due to this toxic gas attack, the Plaintiffs' family members have cost the loss of companionship, and society that in reasonable probability, would have received due to reckless and gross negligent acts by the Defendants

**B. The Plaintiffs suffered economic and non- economic Irreparably harmed due to by Defendants and Defendants PSP contractors Gross Negligent Act and Gross Negligent Hiring, Recruiting and Training Polices**

18. The Plaintiffs' have been blacklisted and retaliated against for filing federal lawsuits and for pulling back the curtain on how Alfa Defendants, state actors and other private corporations financially exploit this captive labor pool.

19. **The DEFENDANT's and the Defendants PSP contractors orchestrated poisoning attacks occurring on three ("3") occasions.**

a. **Plan A poisoning attack (" August 25, 2022")** included hiring hit men home restoration contractors to deliberately not follow proper protocol for application of substances containing VOCs Chemicals which could have resulted in chemical poisoning attacks against the Plaintiffs'.

b. **Plan B poisoning attack("November 11, 2022")** included hiring hit men who posed as HVAC tech who then released CO and NOx deadly poisons to start a deadly gas explosion house fire because the home is heavily contaminated with toxic mold spores .

c. "**Plan C" poisoning attack ("October 11, 2023")** hiring hit man posing as Terminix pesticide tech who attempted to use a banned pesticide called methyl bromide, and an odorless chemical.

20. **The DEFENDANT's and the Defendants PSP contractors orchestrated poisoning attacks have caused** loss of consortium as the loss of "conjugal fellowship of [spouses], and the right to the company, society, co-operation, affection, and aid of the other in every conjugal relationship."

21. The Plaintiffs' claims that FCRA Act operates under a "standard of strict" liability, meaning a collector is legally responsible for a violation regardless of whether their conduct was willful or negligent.

22. The Plaintiffs claims also FCRA Act explicitly separates a consumer's ability to sue based on the defendant's state of mind:

- **Willful Noncompliance (15 U.S.C. § 1681n):** Applies if a credit bureau, background check company, or information furnisher knowingly or recklessly violates the law. If willfulness is proven, the consumer can recover **actual damages OR statutory damages ($100 to $1,000)**, plus **punitive damages** and attorney fees.
- **Negligent Noncompliance (15 U.S.C. § 1681o):** Applies if a company simply fails to use reasonable care (carelessness). Under negligence, the consumer can **only recover actual, provable damages** (like being denied a loan or losing a job due to a bad report) and attorney fees. No statutory or punitive damages are allowed.

23. In economic reprisal act , the DEFENDANT's have failed to correct an agreed upon settlement amounts for 49,103.00 for water damage" and "$13,290.00 wind damage" as shown by Verisk 's A-PLUS reports.

24. The Plaintiffs' say the Defendants' acts, actions and conduct constitute Willful and Negligent Non-Compliance with FCRA Act.

## C. **The Defendants and the Defendants PSPs contactors made false safety promises of ONLY trusted and reliable Home Repair Contract Techs**

25. The Defendants "enabling and failing to prevent" negligent acts by PSPs contactors such as A/C by Luquire who routinely hired home repair workers with long prison rap sheets who are/were prison gang members

26. The Defendants also knew "or should have known about their contactors criminal activities and could have prevented it by taking allegations about criminal activities seriously and maintaining a culture of accountability and transparency," and alerting customers before dispatching felonies and criminals to their clients as **trusted and reliable HVAC/R contract techs**

27. The Defendant misused AI powered algorithms during the insurance underwriting process by deny or impose different terms and conditions for habitational insurance for Black landlords who attempted to rent and lease their residential rental units to tenants that rely on US -HUD Housing Choice Voucher (HCV) Program (Section 8) Programs

28._The Defendant's AI powered algorithms have a disproportionately negative effect on the city of Montgomery, AL predominantly Black communities ,

29. In Montgomery, AL, homes and buildings are mostly occupied by Black and low-income tenants in the US -HUD's Housing Choice Voucher program which is racially discriminatory and a violation of the FHA Act laws

**D. The Plaintiffs Irreparably harmed due to false safety promises and Injured when denied Subrogation Insurance Claim Settlements for Toxic Asbestos , Water, Mold and Mildew Property Damage**

30. **On October 27, 2022, Alfa Insurance promised to pursue subrogation claim for toxic mold and water damage for $ 806,916.23. and** when an insurer breaks this promise for profit or without a reasonable basis, they can be sued beyond the standard value of the policy.

31. The Alfa Defendants have a legal duty to perform as a **subrogee which** is a person or entity that steps into the legal shoes of another party to collect a debt or pursue a claim after paying off that party's expenses or losses.

32. In insurances parlay , if a covers peril occurs, then the insurance company pays its policyholder (the **subrogor**) for damages caused by someone else.

33. The insurer then becomes the subrogee, gaining the legal right to chase the at-fault third party for the money paid.

34. During the Recovery process, the subrogee files a lawsuit or claim against the wrongdoer to get its funds back.

35. The Montgomery Housing Authority (MHA) in Montgomery, AL serves 3,068 families through US HUD Housing Choice Voucher Program.

36. Im the city of Montgomery , AL HUD'S Housing Choice Voucher Program Participating households in are Disproportionately Black and female-headed and occupied by phyical and mental disabled individuals,

37. The Alfa Defendants offer coverage through **Landlord Insurance** and commercial plans (such as **Lessors Risk Insurance** and **Commercial Package Policies**) to cover risks like dwelling damage, commercial liability, and loss of rental income including HUD'S Housing Choice Voucher Program.

38. **As landlords under HUD Section 8 Housing Choice Voucher program**, the Plaintiffs were injured by the Alfa Defendants discriminatory action acts and conduct when renege on a subrogation insurance Contracts claim

39. In **Civil Conspiracy meetings of the mind, gentlemen handshake and , oral and written contract agreements**, the Alfa Defendants **and** the Defendants employees and Defendants acted in bad faith and renege on subrogation contract agreements with the Plaintiffs

40. When committing bad faith and making false promise about subrogation contract rights the Defendants predictably and disproportionately harm the Plaintiffs as US HUD Section 8 housing landlords

41. The Defendants insurance coverage also predictably or disproportionately harms Black neighborhoods in the city of Montgomery , AL where Black households are statistically more likely to live.

42. The Alfa Defendants and Defendants PSP contractors acts and conduct were uncountable when they attempted to strip undocumented renters and U.S **HUD Section 8** Black landlords of their basic contract rights

a) **Right for each party** can expect the other to fulfill their promised duties.
b) **Right to Good Faith:** Both parties must act honestly, fairly, and transparently.
c) **Right to Remedy:** If one party breaches (breaks) the contract, the injured side has the right to seek legal remedies—such as financial damages or specific performance (forcing the action).
d) **Right to Terms Clarity:** Parties have the right to clear terms that define responsibilities so no side is misled.

43. **When** acting in bad faith and reneging on meetings of the mind, gentlemen handshake and , oral and written contract subrogation contract agreements, the Plaintiffs claim Promissory estoppel is a legal doctrine used courts to enforce a promise, meetings of the mind, gentlemen handshake —even if a formal, signed contract does not exist—when one party relies on that promise to their significant financial or personal detriment.

44. The Plaintiffs also claim when the Alfa Defendants and Defendants PSP contractors systematically use deceptive promises such as false safety promises as to exploit others, it establishes a distinct pattern of promissory estoppel violations and abuse.

45. The Plaintiffs Alfa Defendants and Defendants PSP contractors systematically use often use these false assurances and false safety promises as a tool for manipulation, cost-cutting, or control.

46. The Defendants PSP Contractor , A/C by Luquire legal team attempted to **coerce the Plaintiffs into a NDA agreement to DO NOT REVEAL"** the **Defendants TRADE SECRETS"** of profiting forced labor from prison inmates in the state work release programs

47. **When benefiting for these unenforceable Secret NDA agreements to protect and conceal ongoing RICO Act criminal activities ,** the Plaintiffs claimed the Alfa Defendants **and <u>MORE THAN 458 STATE, COUNTY AND CITY AGENCIES</u> and MORE THAN 500 Private Businesses** in Alabama have realized economics of profiting from prison inmates.

48. The Plaintiffs also claimed **the Alfa** Defendants Big Claim insurance agents and Defendants PSP Contractors were preforming engineering work without profession license and receiving kicks backs and bribers for fraudulently engineering and environmental abatement reports

49. **In retribution acts for reporting insurance fraud,** Illegal Kickbacks and Bribery schemes, and Practicing Engineering without a state issued license fto regulatory authorities to protect public safety, the Alfa Defendants reneged on insurance agreements with the Plaintiffs.

50. The Plaintiffs say the Defendants agents and PSP Contractors' behavior violated the state insurance rules, professional engineering laws, and criminal statutes regarding commercial bribery and fraud.

## IV. CAUSE OF ACTION

### COUNT 1

***Unconstitutional Violation of the Section 1981 of the Civil Rights Act against all the Alfa Defendants***

51. The above facts constitute unconstitutional violation of Section 1981 of the Civil Rights Act which the Plaintiffs are entitled to just relief for unconstitutional violation of the Section 1981 of the Civil Rights Act

### COUNT 2

***Unconstitutional Violation of the Section 1982 of the Civil Rights Act against all the Alfa Defendants***

52. The above facts constitute unconstitutional violation of Section 1982 of the Civil Rights Act which the Plaintiffs are entitled to just relief for unconstitutional violation of the Section 1982 of the Civil Rights Act

### COUNT 3

***Unconstitutional Violation of the Section 1985 of the Civil Rights Act against all the Alfa Defendants***

53. The above facts constitute unconstitutional violation of Section 1985 of the Civil Rights Act which the Plaintiffs are entitled to just relief for unconstitutional violation of the Section 1985 of the Civil Rights Act

**COUNT 4**

***Unconstitutional Violation of the 14th Amendment Equal Protection Clause against all the Alfa Defendants***

54.The above facts constitute unconstitutional violation of 14th Amendment Equal Protection Clause for which the Plaintiffs are entitled to just relief for unconstitutional violation of the 14th Amendment Equal Protection Clause

**COUNT 5**

**Discrimination Based on Race, in Violation of the Fair Housing Act, 42 U.S.C. § 3601 et seq.**

***against all the Alfa Defendants***

55.The above facts constitute Discrimination Based on Race, in Violation of the Fair Housing Act, 42 U.S.C. § 3601 et seq for which the Plaintiffs are entitled to just relief for Discrimination Based on Race, in Violation of the Fair Housing Act, 42 U.S.C. § 3601 et seq

**COUNT 6**

**Discrimination Based on Sex in Violation of the Fair Housing Act, 42 U.S.C. § 3601 et seq.**

***against all the Alfa Defendants***

56.The above facts constitute Discrimination Based on Sex in Violation of the Fair Housing Act, 42 U.S.C. § 3601 et seq. which the Plaintiffs are entitled to just relief for Discrimination Based on Sex in Violation of the Fair Housing Act, 42 U.S.C. § 3601 et seq.

**COUNT 7**
**Discrimination Based on National Origin Status in Violation of the Fair Housing Act, 42 U.S.C. § 3601 et seq.**
***against all the Alfa Defendants***

57. The above facts constitute Discrimination Based on National Origin Status in Violation of the Fair Housing Act, 42 U.S.C. § 3601 et which the Plaintiffs are entitled to just relief for Discrimination Based on National Origan Status in Violation of the Fair Housing Act, 42 U.S.C. § 3601 et.

**COUNT 8**
**Discrimination Based on Disability in Violation of the Fair Housing Act, 42 U.S.C. § 3601 et seq.**
**against all the Alfa Defendants**

58. The above facts constitute Discrimination Based on Disability in Violation of the Fair Housing Act, 42 U.S.C. § 3601 et seq. for which the Plaintiffs are entitled to just relief for Discrimination Based on Disability in Violation of the Fair Housing Act, 42 U.S.C. § 3601 et seq.

**COUNT 9**
**INA Discrimination violations**
**against all the Alfa Defendants**

59. The above facts constitute INA Discrimination violations for which the Plaintiffs are entitled to just relief for INA Discrimination violations.

**COUNT 10**
**Insurance Frauds and Breach of Contract against all the Alfa Defendants**

60. The above facts constitute Insurance Frauds and Breach of Contract for which the Plaintiffs are entitled to just relief for Insurance Frauds and Breach of Contract

**COUNT 11**
**Breach of express warranty against all the Alfa Defendants**

61. The above facts constitute Breach of express warranty for which the Plaintiffs are entitled to just relief for Breach of express warranty

**COUNT 12**
**Breach of express implied warranty of merchantability against all the Alfa Defendants**

62. The above facts constitute Express implied warranty for which the Plaintiffs are entitled to just relief for Breach of Express implied warranty

**COUNT 13**
**Breach of implied warranty of merchantability against all the Alfa Defendants**

63. The above facts constitute Breach of Implied warranty for which the Plaintiffs are entitled to just relief for Breach of Implied warranty

**COUNT 14**
**Negligent Hiring Violations against all the Alfa Defendants**

64. The above facts constitute Negligent Hiring violations for which the Plaintiffs are entitled to just relief for Negligent Hiring violations

**COUNT 15**
**Negligent Entrustment Violations against all the Alfa Defendants**

65. The above facts constitute Negligent Entrustment violations for which the Plaintiffs are entitled to just relief for Negligent Entrustment violations

**COUNT 16**

**Bad Faith Act Violations against all the Alfa Defendants**

66. The above facts constitute Bad Faith Act violations which the Plaintiffs are entitled to just relief for Bad Faith Act violations.

**COUNT 17**
**Unconscionability Contract violations against all the Alfa Defendants**

67. The above facts constitute unconscionability contract violations for which the Plaintiffs are entitled to just relief for unconscionability contract violations.

**COUNT 18**
**Negligent Non-Compliance with FCRA Act against all the Alfa Defendants**

68. The above facts constitute Non-Negligent Compliance with FCRA Act which the Plaintiffs are entitled to just relief for Non-Negligent Compliance with the FCRA Act

**COUNT 19**
**Willful Non-Compliance with FCRA Act against all the Alfa Defendants**

69. The above facts constitute Willful Non-Negligent Compliance with FCRA Act which the Plaintiffs are entitled to just relief for Willful Non-Negligent Compliance with the FCRA Act

**COUNT 20**
**UDAAP Act Violations against all the Alfa Defendants**

70. The above facts constitute UDAP Act Violations which the Plaintiffs are entitled to just relief for UDAP Act Violations

**COUNT 21**
**ADTPA Act Violations against all the Alfa Defendants**

71. The above facts constitute ADTPA Act Violations which the Plaintiffs are entitled to just relief for ADPTA Act Violations

**COUNT 22**
**Unjust Enrichment against all the Alfa Defendants**

72. The above facts constitute unjust enrichment which the Plaintiffs are entitled to just relief for unjust enrichment

**COUNT 23**
**Fraudulent Misrepresentation**
**against all the Alfa Defendants**

73. The above facts constitute Fraudulent Misrepresentation which the Plaintiffs are entitled to just relief for Fraudulent Misrepresentation

**COUNT 24**
**Pattern of Promissory Estoppel violations and Abuse**
**against all the Alfa Defendants**

74. The above facts constitute a Pattern of Promissory Estoppel violations and abuse which the Plaintiffs are entitled to just relief for a Pattern of Promissory Estoppel violations and abuse

**COUNT 25**
**Abuse of the Process**
**against all the Alfa Defendants**

75. The above facts constitute abuse of the process which the Plaintiffs are entitled to just relief for abuse of the process

**COUNT 26**
**IIED Violations against all the Alfa Defendants**

76. The above facts constitute intentional Infliction of Emotional Distress (IIED) ***for*** which the Plaintiffs are entitled to just relief for intentional Infliction of Emotional Distress (IIED) and decline in mental health

**COUNT 27**
**Loss of Companionship and Society damage claims against all the Alfa Defendants**

77. The above facts constitute *l*oss of companionship and society **for** which the Plaintiffs are entitled to just relief for loss of companionship and society

## V. PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiffs pray that the jury will award adequately to compensate for economic and non-economic damages that family members can claim in personal injury or wrongful death lawsuits. These damages are designed to compensate for the emotional, social, and relational deprivation caused when a loved one is catastrophically injured, and the Plaintiffs seek exemplary damages including punitive damages to sufficiently punish the Defendant **so as to deter such action in the future including a 9:1 ratio punitive damage.**

**RESPECTFULLY SUBMITTED on this 8th day of October 2026.**

By: ______________________

**Gregory Kelly, Plaintiff**
6213 Willow Glen Dr.
Montgomery, AL 36117
Email Address: gkelly6213@yahoo.com
Phone Number: 334-322-2193

By: ______________________

**Annette B. Kelly, Plaintiff**
6213 Willow Glen Dr.
Montgomery, AL 36117
Email Address: gkelly6213@yahoo.com
Phone Number: 334-322-2193